CELINA DODIN, Landlord-Appellant, v. ALPHONSE J. DODIN, Tenant-
Respondent.

(Supreme Court, Appellate Term, July, 1900.)

Summary proceedings — Relation of landlord and tenant a necessary
basis.

Where an occupant of premises has remained in undisturbed pos-
session of them for nearly eight years after having been given notice,
by the alleged owner of them, to vacate, and has since paid no rent
and has not in any manner recognized the alleged owner's title, the
court cannot assume that the parties presently occupy the conven-
tional relation of landlord and tenant, and therefore the alleged
owner cannot maintain dispossession proceedings against the
occupant.

APPEAL from a final order of the Municipal Court of the city of
New York, second district, borough of The Bronx.

M. J. Earley, for appellant.

M. P. Doyle, for respondent.

Final order affirmed with costs upon the opinion of the justice
below.

Present: TRUAX, P. J., SCOTT and DUGRO, JJ.

The following is the opinion of the justice of the Municipal
Court of the city of New York.

TIERNEY, J.    This is a summary proceeding for the removal of
the occupant of a stable on the east side of Union avenue, about
190 feet north of One Hundred and Sixty-first street, New York
city.

The landlord alleges that the occupant is a tenant at will of said
premises under an agreement to be such, which the bill of particu-
lars states was made verbally in November, 1892.  It is conceded
that the required statutory notice for the termination of a tenancy
at will has been given to the occupant.  This and the occupation
are admitted and all other allegations of the petition are denied.

The landlord is the stepmother of the occupant. Her husband, who was his father, died about fifteen years ago. The house, which forms part of the same premises with the stable, was the home of the deceased, and the landlord and the children of her deceased husband continued to live there after his death. Her husband left a will devising his homestead to his widow for life, and it appears that the stable is part of the property that was owned by the deceased, while he lived, although the proof of such ownership is rather inferential than direct. The occupant appears to have been using the stable for a number of years and now has a veterinary hospital located there. The mere fact of his occupation, without proof of his recognition of the landlord's title or of admission, by word or act, of his holding possession as her tenant, does not establish that conventional relation of landlord and tenant which the landlord must show to exist as a basis for this proceeding. The only proof presented for this purpose is the landlord's statement that, in November, 1892, she told the occupant that he must vacate the stable, and that he cried and said he would kill his horse if he had to go, and left her presence. She states positively that no further reference was ever made between them to the stable. I do not think that this is sufficient to show that the occupant thereby became the tenant of the landlord or agreed to recognize her as such. Certainly no such express agreement can be spelled out of what was said between them at that time. The fact, that the occupant retained his uninterrupted possession from that time, tends rather to show a refusal on his part to recognize the landlord's right and title to terminate his holding, at will, than to establish an acquiescence in or recognition of that relationship. The landlord assuming the right to dispose of the occupant's holding, gave him notice to remove, and that notice was never withdrawn, and yet, in spite thereof, the occupant has continued to use the premises for all these years without seeking any withdrawal of that notice or making any agreement for continuing his possession.

Upon such a state of proof, I do not feel justified in holding that the landlord has made out a case establishing possession by the occupant as her tenant, and the motion to dismiss the proceeding must be granted.

Order affirmed, with costs.